FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2015 JUN 24 PM 4: 34

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff | * | |
| v. | * | Criminal No. ELH-11-00258 |
| BRYAN E. WILLIAMS | * | |
| Defendant | * | |
| and | * | |
| PIL BLACK | * | |
| Claimant | * | |

***

## MEMORANDUM

Claimant Pil Black has filed a "Third Party Claim of Interest In Personal Property Subject To Preliminary Order of Forfeiture" (ECF 139), pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2. In particular, Ms. Black claims ownership of several valuable items of jewelry that were gifts to her from Bryan E. Williams, a defendant in a large narcotics conspiracy.

Now pending is the "Government's Motion For Summary Judgment As To The Third Party Claim Of Pil Black" ("Motion," ECF 398), filed pursuant to Fed. R. Crim. P. 32.2(c)(1)(B), and supported by exhibits. Ms. Black has filed an opposition to the Motion. ("Opposition," ECF 400). In addition, Ms. Black has filed a "Motion To Amend Responses To The Government's Requests For Admissions" ("Motion to Amend," ECF 399), and has submitted her proposed responses. *See* ECF 399-1. In a consolidated submission, the government responded to Ms. Black's Motion to Amend and replied to her Opposition ("Reply," ECF 401).

The motions have been fully briefed, and no hearing is necessary to resolve them. *See* Local Rule 105.6. For the reasons that follow, I will GRANT Black's Motion to Amend (ECF 399). But, I will also GRANT the government's Motion (ECF 398).

## I. Factual Background[1]

On May 5, 2011, Bryan E. Williams and others were indicted in the District of Maryland on charges of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. ECF 1. In a Superseding Indictment filed on August 25, 2011 (ECF 59), the government charged Williams and five others with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. The conspiracy extended from August 2010 until May 2011.[2] The Superseding Indictment included a forfeiture claim. *See* ECF 59 at 3-9.

In 2011, in the federal district court in Atlanta, Georgia, the government filed a civil complaint for forfeiture of various items, including those at issue here. *See* 11-cv-3226-RWS (N.D. Ga.). In 2012, that case was stayed, by consent, pending disposition of this case.

In an Information filed on January 5, 2012 (ECF 87), the government listed various properties that were allegedly derived from, involved in, or used to facilitate the commission of the offense. And, pursuant to Fed. R. Crim. P. 32.2(a), it gave notice that the government would

---

[1] In Ms. Black's Opposition, ECF 400 at 1, she stated: "The Claimant adopts the factual background recited by the Government in its motion." Elsewhere in her Opposition, Ms. Black asserts that there are material facts in dispute. In her proposed responses to requests for admission, Ms. Black disputed the facts contained in ECF 398-2, which is an amended civil complaint for forfeiture as to the property in issue, filed by the government in federal court in the Northern District of Georgia. *See* 11-cv-3226-RWS (N.D. Ga.). That case was stayed in 2012, by consent, pending resolution of this case. *See* ECF 15 in 11-cv-3226-RWS (N.D. Ga.).

[2] With the exception of defendant Richard Anthony Wilford, all of the defendants in the criminal case pleaded guilty. Wilford was convicted by a jury in December 2013 (ECF 268). His appeal to the United States Court of Appeals for the Fourth Circuit is pending.

2

seek forfeiture of particular items that it claimed represented proceeds of the offense charged in the Superseding Indictment. The list of items included assorted jewelry seized from the residence of Ms. Williams on Evergreen Trail in Atlanta, Georgia, such as an 18kt white gold diamond tennis bracelet, valued at $104,000. *See* ECF 59 at 4 (items xiii and xiv); ECF 398-2 at 9. At the relevant time, Williams was Ms. Black's boyfriend. *See* ECF 398-2 at 2.

On May 8, 2012, a Superseding Information was filed as to Bryan Williams. ECF 102. He was charged with conspiracy to distribute five kilograms or more of cocaine in or about April 2011. *Id.* The Superseding Information also contained a forfeiture claim as to $5,000,000, as well as to various items of property, including the jewelry at issue here. *Id.*

Williams entered a plea of guilty on May 9, 2012. ECF 104. In his Plea Agreement (ECF 106), Williams agreed to forfeit to the government all items listed in the Superseding Indictment and the Criminal Information, except as expressly provided in the Plea Agreement. *See* ECF 106 ¶ 12. In particular, Williams agreed to the forfeiture all specified property, with the exception of one parcel of real property and one vehicle. *See* Consent Order of Forfeiture, ECF 126. All other property, including the jewelry at issue here, was deemed forfeited to the government. *Id.*

In the Consent Order of Forfeiture (ECF 126), the government was authorized to conduct discovery, if needed, and to consider any third party claims to the forfeited property. *Id.* On July 9, 2012, Ms. Black asserted an ownership claim to three items of jewelry listed in the Superseding Indictment. ECF 139. Specifically, Ms. Black claimed ownership of a bracelet with black onyx and diamonds (Asset ID 11-DEA-547317)[3]; one platinum Rolex watch,

---

[3] The government points out that the Asset actually consists of five items, but Ms. Black's claim appears to pertain only to two of the three items under that Asset ID number. *See* ECF 398 at 2 n.1. Ms. Black's description of the items in ECF 139 ¶ 3 at 2 seems a bit muddled.

3

Presidential Style, serial number M702929 (Asset ID 11-DEA-547317); and one 18kt white gold diamond tennis bracelet (Asset ID 11-DEA-547324). According to Ms. Black, the items were gifts to her from Williams. *See, e.g.*, ECF 398 at 3; ECF 399-1 at 1.

On December 23, 2014, the government served interrogatories upon claimant in an attempt to establish the basis of her claim in this case. ECF 398 at 3. By letter dated January 16, 2015, the government advised the Court that counsel had reached an agreement in principle, but that the claimant had rejected it. *See* ECF 394; 398-1. In the government's status report to the Court dated January 16, 2015 (ECF 394), the government also advised that it sent discovery requests to counsel in an effort to move the case forward.

Thereafter, on February 19, 2015, the government propounded requests for admissions to Ms. Black, by mail, in accordance with Fed. R. Civ. P. 36 and Fed. R. Crim. P. 32.2(c)(1)(B). ECF 398 at 3; ECF 398-2. Pursuant to Fed. R. Civ. P. 36, the claimant's response was due no later than March 24, 2015. As of the government's filing of its Motion on April 7, 2015, however, Ms. Black had not responded to the government's interrogatories or requests for admissions. ECF 398 at 3. In its Motion, the government relied on Ms. Black's failure to respond to the requests for admissions.

On April 21, 2015, *i.e.*, two weeks after the government filed its Motion, Ms. Black filed her Motion to Amend. ECF 339. There, Ms. Black acknowledged that the government served its requests for admissions on February 19, 2015. ECF 399 ¶ 2. Moreover, Ms. Black acknowledged that she did not timely file responses, which were due within 30 days of service, as required by Fed. R. Civ. P. 36(a). *Id.* ¶ 3. However, Ms. Black maintained that the granting of her Motion to Amend "would promote the presentation of the merits of this case and would

---

Part of Item 2 appears to pertain to Item 1; part of Item 2 appears to pertain to Item 3. She lists 4 items but, in actuality, her claim only involves three items.

not prejudice the Government on the merits." ECF 399 ¶ 6. Further, she contended that she "has strong grounds for why she is entitled to the claimed property." *Id.* ¶ 7.

In particular, Ms. Black posited that, as defined by 21 U.S.C. § 881(a)(6), she is "an innocent owner" and a "bona fide purchaser for value." *Id.* ¶ 7. However, she offered no explanation for her failure to timely respond to the government's requests for admissions.

In its Reply, the government insists that, as to the Motion to Amend, "there is nothing for [Black] to amend," because she never responded in the first place. ECF 401 at 1. Alternatively, it addresses the merits of its Motion and maintains that Ms. Black's responses establish that the government is entitled to summary judgment. *Id.*

## II. Standards of Review

Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides, in part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)), *cert. denied*, 541 U.S. 1042 (2004). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002); *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

The district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Moreover, the trial court may not make credibility determinations on summary judgment. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007); *Black &. Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis*, 290 F.3d at 644-45. Indeed, in the face of conflicting evidence, such as competing affidavits, summary judgment is generally not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility. *See, e.g., Boone v. Stallings*, 583 Fed. App'x. 174 (4th Cir. 2014) (per curiam).

However, to defeat summary judgment, conflicting evidence must give rise to a *genuine* dispute of material fact. *See Anderson*, 477 U.S. at 247-48. If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a dispute of material fact precludes summary judgment. *Id.* at 248; *see Libertarian Party of Va. v. Judd*, 718 F.3d 308,

313 (4th Cir. 2013). On the other hand, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Id.* at 252. And, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*

I turn to the Motion to Amend.

As noted, the government mailed requests for admissions on February 19, 2015. In its requests, the government asked Ms. Black to admit that the claimed items were gifts from Williams; that they were purchased by Williams with proceeds of drug trafficking; that Ms. Black did not furnish any of the funds used to purchase any of the claimed items; and that Ms. Black is not a bona fide purchaser for value of any of the claimed items. In addition, Ms. Black was asked to admit to the allegations in the civil forfeiture suit filed by the government in federal court in Georgia. *See* ECF 398-2. Because Ms. Black did not timely respond, the government maintains that, for purposes of summary judgment, the Court should deny Ms. Black's Motion to Amend and deem admitted the matters that were included in its requests for admission.

Pursuant to Fed. R. Civ. P. 36(a)(3), a matter is deemed admitted unless, within 30 days after being served, the party to whom the request for admission was directed serves the opposing party with answers or objections. However, Ms. Black has asked the Court to permit her to "amend" to allow the filing of untimely answers to the requests for admission.

Fed. R. Civ. P. 36(b) provides, in part:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits . . . .

7

The government correctly characterizes the applicable standard for amendment as twofold. First, the movant must demonstrate that the amendment would promote the presentation of the merits. Second, the movant must demonstrate that the amendment would not prejudice the opponent. In determining whether to permit withdrawal or amendment of admissions, the Court may consider "whether the admissions are contrary to the record of the case . . . ." *Centrifugal Acquisition Corp., Inc. v. Moon*, 267 F.R.D. 240, 241 (E.D. Wis. 2010).

### III. Discussion

#### A. The Motion to Amend

As indicated, Ms. Black did not timely respond to the government's requests for admissions. She submitted her proposed response *after* the government filed its summary judgment Motion. Without any explanation for her failure timely to respond, and without any justification for her delay, Ms. Black filed her Motion to Amend, seeking leave to file her untimely responses. *See* ECF 399-1.

In Ms. Black's Opposition to the government's Motion, she expressly adopted the government's statement of factual background, as set forth in its Motion seeking summary judgment. *See* ECF 400 at 1. In those facts, the government asserted that the claimed items were gifts from defendant Williams to Ms. Black. Consistent with that assertion, in Ms. Black's proposed responses to the requests for admissions (ECF 399-1), submitted with her Motion to Amend, Ms. Black answered "Admit" to the following request: "All of the items that Pil Black is claiming in this case were gifts to her from the defendant, Bryan E. Williams." Moreover, Ms. Black admits that she "did not provide any of the funds used to purchase any of the items that she is claiming this case." *Id.*

With respect to the government's question of whether the items were purchased with proceeds obtained from drug trafficking, Ms. Black denies that request for admission. *Id.* But, Ms. Black qualified her answer by explaining that she "lacks knowledge or information as to whether defendant Bryan E. Williams used proceeds of drug trafficking to purchase items." *Id.* She also has answered "Deny" to the following question: "Pil Black is not a bona fide purchaser for value of any of the items that she is claiming in this case." *Id.* And, she denied entirely the allegations in the eight-page civil forfeiture suit filed by the government in federal court in Georgia, stating only "Deny." *Id.* According to the government, "a one word denial does not fairly respond to the request." ECF 401 at 7.

The questions outlined above make clear that the government only propounded a handful of requests for admissions; they were not burdensome. Because Ms. Black failed to timely respond, the government relied on Ms. Black's deemed admissions when it filed its Motion. *See, e.g., Switchmusic.com, Inc. v. U.S. Music Corp.*, 416 F. Supp. 2d 812, 818 (C.D. Cal. 2006) ("Defendants did not take any action to withdraw or amend the admissions until the filing of their Opposition to Plaintiff's Motion for Summary Judgment.").

The government has aptly stated, ECF 401 at 9:

> Allowing a party to simply ignore the rules and then to provide the responses much later, after a dispositive motion has been filed, is enormously disruptive to the process and unfair to the parties who follow the rules. It also removes all of the meaning from Rule 36(a)(3), which says clearly that a matter is admitted if no response is made within the 30 days allowed. Some acceptable explanation must be provided to excuse the failure, but the claimant has provided no such explanation.

In my view, if the government were required to re-file its summary judgment Motion, in order to address Ms. Black's responses to its requests for admissions, the government would be prejudiced. But, the government already addressed Ms. Black's responses in its Reply. *See* ECF

9

401. Moreover, my review of the substance of Ms. Black's belated responses establishes that, even when considered, they do not generate a genuine dispute of any material facts. Therefore, I will GRANT the Motion to Amend so that I may consider the responses in my analysis of the merits of the government's summary judgment Motion.

## B. The Summary Judgment Motion

This case arises in the context of a criminal forfeiture proceeding under § 853 of Title 21 of the United States Code, titled "Criminal forfeitures." Ms. Black has filed a claim to property that the government contends is subject to criminal forfeiture. In accordance with Fed. R. Crim. P. 32.2(c)(1)(B), the government has moved for summary judgment. The criminal rule provides that, at the end of any discovery, a party may move for summary judgment under Fed. R. Civ. P. 56.[4] In sum, the issue is whether there are any material factual disputes as to Ms. Black's assertion of a claim to the jewelry, so as to defeat the government's motion for summary judgment.

Under 21 U.S.C. § 853(a)(1), "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of" the trafficking of illegal controlled substances shall be forfeited to the United States. In *Kaley v. United States*, ___ U.S. ___, 134 S. Ct. 1090, 1094 (2014), the Supreme Court explained: "Criminal forfeitures are imposed upon conviction to confiscate assets used in or gained from certain serious crimes. *See* 21 U.S.C. § 853(a)." It added, *id.*: "Forfeitures help to ensure that crime does not pay: They at once punish wrongdoing, deter future illegality, and 'lessen the economic power' of criminal enterprises."

---

[4] The Petitioner has not requested a hearing.

(quoting *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 630 (1989)). Similarly, in *Caplin & Drysdale*, 491 U.S. at 634, the Supreme Court observed: "Forfeiture provisions are powerful weapons in the war on crime."

There are two ways in which Ms. Black may defeat criminal forfeiture. Under 21 U.S.C. § 853(n)(6)(A), she must establish, by a preponderance of the evidence, that she "has a legal right, title, or interest in the property . . . [which] renders the forfeiture invalid . . . because [that] right . . . was superior to any right, title, or interest of the defendant at the time of the commission of the act which gave rise to the forfeiture of the property." *See, e.g., United States v. Garcia-Soto*, 2011 WL 486186, at *1 (E.D.N.C. Feb. 7, 2011). Alternatively, under 21 U.S.C. § 853(n)(6)(B), the petitioner must show that she "is a bona fide purchaser for value . . . and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture. . . ."

In her Opposition (ECF 400 at 1), Ms. Black asserts: "The claimant adopts the factual background recited by the Government in its motion." Yet, she also contends that, if the Court were to accept her responses to the government's requests for admissions, this "would mean that the facts are no longer admitted and that Summary Judgment is inappropriate." ECF 400 at 2. I have accepted for filing Ms. Black's belated responses to the requests for admissions. Nevertheless, even considering Ms. Black's responses, summary judgment in favor of the government is appropriate.

In her Opposition, Ms. Black relies on the "Innocent Owner Defense." ECF 400 at 4. She asserts: "A Claimant is entitled to items subject to forfeiture proceedings if she is an innocent owner." ECF 400 at 4 (citing 21 U.S.C. § 881(a)(6)). Based on that defense, Ms. Black

contends that she need only prove her lack of actual knowledge of Mr. Williams's wrongful activity in acquiring the jewelry. Petitioner's reliance on that defense is misplaced.

Ms. Black concedes that she received the jewelry as gifts from Mr. Williams. *See, e.g.*, ECF 400 at 4. But, she argues that the government has not established that, at the time she received the items from Williams, she had actual knowledge that the gifts were acquired by way of Williams's drug trafficking. ECF 400 at 4. Ms. Black insists that, in order to prevail with respect to her innocent owner defense, "a claimant need only to prove the absence of actual knowledge of wrongful activity." ECF 400 at 4. Further, Ms. Black posits: "Noticeably absent from any of [her] admissions is a concession that Claimant had knowledge at the time she received the items that they came directly from Defendant's drug trafficking." *Id.* Because Ms. Black claims that there is a dispute of material fact as to whether she had actual knowledge of Mr. Williams's wrongdoing "at the time she received these gifts," *id.*, she maintains that the government is not entitled to summary judgment. *Id.*

According to the government, it "has already established that the claimed items were purchased with [drug] proceeds." ECF 401 at 9. It cites to, and relies on, the record in the case, noting that this Court may consider the entire record. *See* 21 U.S.C. § 853(n)(5) (stating, *inter alia*, that "the court shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture"); *see also United States v. Morgan*, 224 F.3d 339, 345 (4th Cir. 2000) (noting that the District Court "properly considered the evidence presented at the criminal trial" of the defendant). In particular, the government points to the guilty plea entered by Williams on May 9, 2012, and his acknowledgement in the Consent Order of Forfeiture, entered on June 21, 2012 (ECF 126), as to the source of the funds he used to purchase the jewelry.

In the Consent Order of Forfeiture (ECF 126), Williams agreed to forfeit to the government all property listed in the Superseding Indictment (ECF 59) and the Information (ECF 87), with exceptions not pertinent here. The items to be forfeited included the jewelry claimed here by Ms. Black. In addition, Williams admitted that the items were obtained as a result of his drug trafficking. Specifically, he agreed that the forfeited property was "derived from, involved in, used to commit or to facilitate the commission of the offense . . . ." ECF 126 at 1.

The government acknowledges that Ms. Black "does <u>not</u> have to prove that the claimed items were <u>not purchased with drug proceeds</u>. . . ." ECF 401 at 9 (emphasis in ECF 401). But, Ms. Black has admitted that the disputed items were gifts to her from Williams and that she did not use her own funds to purchase any of the items in question. Moreover, Ms. Black has never refuted in her responses to the government's requests for admissions that the items were, in fact, acquired by Mr. Williams with the proceeds of drug trafficking. Rather, she maintains only that, at the time she obtained the gifts, she lacked knowledge as to the source of funds used by Williams to acquire the items. In her Opposition (ECF 400 at 4), she contends that there is a material factual dispute as to whether she had actual knowledge of Williams's wrongdoing when she received these gifts.

Fed. R. Civ. P. 36(a)(4) states, in part: "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can reasonably obtain is insufficient to enable it to admit or deny." Ms. Black makes no assertion that she attempted to ascertain the source of proceeds used to obtain the jewelry. Moreover, Ms. Black has not controverted Mr. Williams's admission as to the illegal source of funds used to acquire the jewelry. In other words, she does not claim that the jewelry was, in fact, obtained with funds that

were legitimately acquired. In the context of this criminal forfeiture, it is of no moment that Ms. Black lacked knowledge that Mr. Williams acquired the jewelry through his drug trafficking.

In support of the Claimant's innocent owner defense, Ms. Black relies on 21 U.S.C. § 881(a)(6), as well as the case of *United States v. Four Million, Two Hundred & Fifty-Five Thousand, Six Hundred Twenty-Five Dollars & Thirty-Nine Cents*, 551 F. Supp. 314 (S.D. Fla. 1982), *aff'd*, 762 F.2d 895 (11th Cir. 1985). Section 881(a)(6) of Title 21 provides that money, negotiable instruments, securities, and proceeds, furnished in connection with drug purchases, are subject to forfeiture. It has no relevance here. Petitioner's reliance on the case cited above is equally misplaced.

Unlike the case at bar, the case cited by claimant was a civil forfeiture action. There, the court found that the government showed probable cause to believe the money was traceable to illegal drug transactions and that plaintiff failed to show innocent ownership of the currencies. 551 F. Supp. at 323.

As the government points out, § 983(d)(1) of 18 U.S.C. pertains to civil forfeitures and states: "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute."[5] But, this is not a civil forfeiture case. Rather, forfeiture was made under Title 21 of the United States Code. Sections 853(n)(6)(A) and (B) of 21 U.S.C. do not contain an innocent owner defense. Instead, as indicated, under 21 U.S.C. § 853(n)(6)(A) and (B), a third party who claims an interest in property otherwise subject to criminal forfeiture may defeat forfeiture by showing as follows: (1) that the claimant had a vested interest in the property at the time the offense was committed, or (2) the claimant was a bona fide purchaser for value, without notice of the criminal conduct. Ms. Black cannot satisfy either provision.

---

[5] The term "innocent owner" is defined in 18 U.S.C. § 983(d)(2).

Williams admitted that he purchased the items with proceeds from drug trafficking; Ms. Black did not purchase the jewelry with her own money; Ms. Black admits that she received the items as gifts from Williams; and Ms. Black has not challenged Williams's own assertion as to the illegal source of the funds he used to obtain the jewelry. Clearly, under the facts of this case, Ms. Black did not have a vested interest in the items at the time the drug trafficking offense occurred. To the contrary, she received the items as a result of the underlying offense committed by Mr. Williams. Nor is Ms. Black a bona fide purchaser for value. Indeed, given that the items were gifts to Ms. Black, the government aptly points out that "it is self-evident that she is not a 'purchaser' and, therefore, she cannot possibly be a bona fide purchaser for value of any of the claimed items." ECF 401 at 10. *See, e.g., In re Bryson*, 406 F.3d 284, 291 (4th Cir. 2005); *United States v. McHan*, 345 F.3d 262, 279 (4th Cir. 2003).

Therefore, even when I take into account the Claimant's responses to the government's requests for admissions, I agree with the government that Ms. Black cannot succeed in her claim. Because Ms. Black has not generated any genuine dispute of material fact, it follows that the government is entitled to summary judgment.

An Order follows.

Date: June 24, 2015

/s/
Ellen L. Hollander
United States District Judge