IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*,<br><br>v.<br><br>BRYAN EAMMON WILLIAMS,<br>*Defendant*. | Criminal No. ELH-11-00258 |

## MEMORANDUM

Bryan E. Williams, through counsel, has filed a "Motion for a Reduced Sentence Under 18 U.S.C. § 3582(c)(2) Based on Retroactive Application of Amendment 782 to the Sentencing Guidelines" ("Motion"), with exhibits. ECF 457. The government opposes the Motion (ECF 461) and the defendant has replied. ECF 462. Following a telephone conference on May 5, 2016 (*see* docket), the government filed a supplement to its Opposition (ECF 468), and the defense also filed a supplement. ECF 469.

No hearing is necessary to resolve the Motion. Local Rule 105.6. For the reasons that follow, I reluctantly conclude that I lack authority to grant the Motion.

### I. Background

Pursuant to a written plea agreement ("Plea Agreement," ECF 106; ECF 107), Mr. Williams entered a plea of guilty on May 9, 2012 (ECF 104) to a Superseding Information (ECF 102), charging him with conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846. Of import here, the guilty plea was tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C) (ECF 106, ¶ 9), by which the parties stipulated to a sentence of 135 months' imprisonment. *Id.* ¶¶ 9, 10.

Paragraph 5 of the Plea Agreement (ECF 106) provided that "the Court will determine a sentencing guidelines range for this case . . . ." Further, Paragraph 5 made clear that the Court "must take into account the advisory [sentencing] guidelines range in establishing a reasonable sentence."

Paragraph 6(a) of the Plea Agreement (ECF 106) provided that, under U.S.S.G. §§ 2D1.1(a)(5) and 2D1.1(c)(3), Mr. Williams had a base offense level of 36, because the offense involved at least 50 kilograms of cocaine but less than 150 kilograms of cocaine. ECF 106, ¶ 6(a). Allowing three deductions for acceptance of responsibility (*id.* ¶ 6(b)) the parties anticipated a final offense level of 33. *Id.* ¶ 6(c). However, as is generally the practice in this court, there was no agreement as to the defendant's criminal history or criminal history category. *Id.* ¶ 7.

Mr. Williams appeared for sentencing on August 8, 2012. ECF 143. The Presentence Report (ECF 454) reflects that Mr. Williams had a criminal history category of I. As expected, he earned three deductions for acceptance of responsibility, pursuant to U.S.S.G. §§ 3E1.1(a) and (b), and therefore his final offense level was 33, as anticipated. With a criminal history category of I, and an offense level of 33, the Court computed an advisory sentencing guidelines range of 135 to 168 months' imprisonment. *See* ECF 146. By statute, the offense carried a mandatory minimum term of imprisonment of 120 months. *See* 18 U.S.C. §§ 846 and 841(b)(1)(A). In accordance with the C Plea, the Court imposed a sentence of 135 months of imprisonment, which corresponded to the bottom of the advisory guidelines range. *See* ECF 146; ECF 147.

## II. Discussion

Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission" may file a motion asking the Court to reduce his sentence. The Court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3582(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013).

Amendment 782 of the United States Sentencing Guidelines became effective on November 1, 2014. It reduced by 2 levels the base offense levels in the guidelines for cocaine offenses, under § 2D1.1. The Sentencing Commission determined that Amendment 782 applies retroactively. U.S.S.G. §§ 1B1.10(d), (c)(1).

The parties dispute defendant's eligibility for relief under 18 U.S.C. § 3582(c)(2) and Amendment 782. However, it is undisputed that, at the time of sentencing, Mr. Williams's advisory sentencing guidelines range was 135 to 168 months' imprisonment. It is also undisputed that, under the current, revised sentencing guidelines, defendant's base offense level would now be a 34, rather than a 36, pursuant to § 2D1.1(c)(3). After three deductions under U.S.S.G. §§ 3E1.1(a) and (b), the defendant's adjusted offense level would now be a 31. And, with a criminal history category of I, Mr. Williams's current sentencing guidelines range would call for a period of imprisonment ranging from 108 to 135 months. As noted, the offense is subject to a mandatory minimum term of imprisonment of 120 months

The government takes the position that the defendant is not eligible for relief because he was sentenced "to a specific term of confinement and this was not based upon a guideline range that has subsequently been lowered . . . ." ECF 461 at 2. Therefore, it claims that the defendant "is ineligible for a sentencing reduction." *Id.* In this regard, the government notes that the Plea Agreement did not make express reference to the sentencing range under the guidelines or the

defendant's criminal history. In support of its position, the government relies, *inter alia*, on Justice Sotomayor's concurring opinion in *Freeman v. United States*, 564 U.S. 522 (2011).

Conversely, Mr. Williams relies on *Freeman* and other cases, and reaches an entirely different result. In his view, the government's position "finds no support in Justice Sotomayor's controlling opinion in *Freeman* . . . ." ECF 462 at 1.

As the Fourth Circuit has explained, in *Freeman* the Supreme Court "held that a defendant sentenced in accord with Rule 11(c)(1)(C) . . . is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) if his sentence had been 'based on' a Sentencing Guidelines range that had been lowered. But if the sentence was 'based on' the agreement of the parties, the defendant is not eligible for a § 3582(c)(2) sentence reduction." *United States v. Frazier*, 531 Fed. App'x 308, 309 (4th Cir. 2013) (per curiam) (discussing *Freeman*).

The *Freeman* decision was a fractured one, in which the Supreme Court divided 4-1-4. The plurality concluded that a defendant who enters a guilty plea under Rule 11(c)(1)(C) is not categorically barred from relief under § 3582(c)(2). *Freeman*, 564 U.S. at 525. In contrast, the dissent concluded that such a defendant is categorically barred from such relief. *Id.* Justice Sotomayor, who concurred in the judgment, based her opinion on grounds "narrower than that of the plurality." *Frazier*, 531 Fed. App'x at 309. Therefore, her concurrence "controls." *Id.*; *see United States v. Brown*, 653 F.3d 337, 340 (4th Cir. 2011) (applying *Marks v. United States*, 430 U.S. 188, 193 (1977)), *cert. denied*, 132 S. Ct. 1003 (2012).

In her concurrence, Justice Sotomayor observed that, in the context of a C plea, "it is the binding plea agreement that is the foundation for the term of imprisonment to which the defendant is sentenced." *Freeman*, 564 U.S. at 535. She explained that, in the context of a C plea, the trial court "simply implements the terms of the agreement. . . ." *Id.* at 535-36.

4

Although the sentencing guidelines may serve as a "yardstick" for the trial court to determine whether to accept the C plea, Justice Sotomayor noted that this "does not mean that the term of imprisonment imposed by the court is 'based on' a particular guidelines sentencing range." *Id.* at 536.

Justice Sotomayor observed that the "very purpose of a (C) agreement is to allow the parties to determine the defendant's sentence . . . ." *Id.* at 539-40. She stated, *id.* at 536: "The term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation." Underscoring that "it is the parties' agreement that determines the sentence to be imposed" (*id*), she explained that "the mere fact that the parties to a (C) agreement may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon . . . ." 564 U.S. at 537. Justice Sotomayor also said: "To hold otherwise would be to contravene the very purpose of (C) agreements – to bind the district court and allow the [parties] to determine [the] sentence . . . ." *Id.* at 536.

Yet, Justice Sotomayor recognized that, under certain circumstances, a term of imprisonment pursuant to a C plea can be reduced under § 3582(c)(2). *Id.* at 538. Thus, Justice Sotomayor expressly "reject[ed] the categorical rule advanced by the Government and endorsed by the dissent. . . ." *Id.* at 539. She explained that, "when the agreement itself employs the particular Guidelines sentencing range applicable to the charged offenses in establishing the term of imprisonment, the defendant is eligible" for a sentence reduction under § 3582(c). *Id.* at 540. "In such cases," observed Justice Sotomayor, the "reduction of the sentence does not rewrite the plea agreement; instead, it enforces the agreement's terms." *Id.*

In sum, Justice Sotomayor identified two exceptions that permit a sentencing reduction in regard to a C Plea: (1) when the plea agreement "expressly uses a Guidelines Sentencing range to establish the term of imprisonment" and "call[s] for the defendant to be sentenced within a particular Guidelines sentencing range," or (2) when the plea agreement "provide[s] for a specific term of imprisonment . . . but also make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty," provided that the "sentencing range *is evident from* the agreement itself . . . ." 564 U.S. at 538-39 (emphasis added); *see also Frazier*, 531 Fed. App'x. at 309-10.

Thus, Justice Sotomayor said, *id.* at 539: "[W]hen a (C) agreement expressly uses a Guideline sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the defendant is eligible for sentence reduction under § 3582(c)(2)[]." Notably, she added that, if the government wants to insure that a defendant's sentence is not subsequently reduced, "the solution is simple enough: Nothing prevents the Government from negotiating with a defendant to secure a waiver of his statutory right to seek [a] sentence reduction under § 3582(c)(2). . . ." *Id.* at 541.

Justice Sotomayor concluded that Freeman's C agreement fell under the exception. In this regard, she noted that Freeman's C agreement stated that the defendant "agrees to have his sentence determined pursuant to the Sentencing Guidelines" (*id.* at 542); the plea agreement set forth his offense level, based on the quantity of drugs (*id.*); it stated the anticipated criminal history (*id.*); it specified the total sentence of 106 months for two counts (*id.*); and there was a mandatory minimum term of 60 months' imprisonment applicable to one of the two counts. *Id.* In combination with the agreed upon total sentence and the mandatory minimum sentence for one count, she concluded that "it is evident that Freeman's agreement employed the 46-month

6

figure at the bottom end of this sentencing range, in combination with the 60-month mandatory minimum sentence . . . to establish his 106-month sentence.[]" *Id.* at 543. Thus, she concluded that Freeman's sentence was based on the guidelines range. *Id.*

Here, as in *Freeman*, the Plea Agreement provided for the Court's determination of the Guidelines range. As in *Freeman*, the Plea Agreement also set forth the offense level based on the drug quantity. Although the Plea Agreement here does not refer to the sentencing guidelines range, so as to make explicit the parties' intent to base the C plea on the sentencing range, neither did the Plea Agreement in *Freeman*. Moreover, the government did not include in the Plea Agreement a provision by which Williams waived his right to seek a sentence reduction under § 3582(c)(2). Yet, unlike in *Freeman*, in the case *sub judice* there is no express agreement in the Plea Agreement as to the defendant's criminal history or criminal history category.

Several cases support the view that, in the absence of an agreed upon criminal history set forth in a plea agreement, a C plea cannot be deemed to be based on the sentencing guidelines. In *United States v. Brown*, 653 F.3d 337 (4th Cir. 2011), the Fourth Circuit reversed the district court, which had granted a motion to reduce a sentence pursuant to § 3582(c)(2). The Fourth Circuit concluded that the district court lacked authority to grant such relief, because the sentence was not based on a sentencing guideline range. Rather, it was imposed in accordance with the terms of the C plea. *Id.* at 338.

In *Brown*, the C plea provided for a range of incarceration. However, the plea agreement did "not expressly use a Guidelines sentencing range to establish [the defendant's] term of imprisonment.[]" *Id.* at 340. Thus, the Fourth Circuit said, *id.*: "The fact that the district court consulted the Guidelines in establishing [the defendant's] specific sentence is irrelevant."

7

In *United States v. Rivera-Martinez*, 665 F.3d 344 (1st Cir. 2011), the First Circuit observed that Justice Sotomayor "expressly rejects an inferential approach," and noted that she "makes it pellucid that the proper focus . . . is the terms contained within the four corners of the plea agreement. . . ." *Id.* at 349. Notably, it stated that "silence about a criminal history category makes it impossible to conclude from the Agreement alone that the proposed sentence is based on a specific sentencing range." *Id.* Moreover, the Court observed that Justice Sotomayor's concurrence "forbids [the court] from making . . . an archeological dig" as to the basis of the plea agreement. *See also United States v. Austin*, 676 F.3d 924, 930 (9th Cir. 2010) (observing that when a plea agreement "does not contain any information about [a defendant's] criminal history category . . . [the] sentence calculation exercise in *Freeman*, which used an offense level and a criminal history category, is impossible"); *Frazier*, 531 Fed. App'x at 309 (concluding that, for purpose of requested sentence reduction, plea agreement was not based on the guidelines range because it "'disclaimed any agreement as to [the defendant's] criminal history or criminal history category'" and gave no "'Guidelines sentencing range'") (quoting District Court); *United States v. Williams*, PJM-10-389, 2016 WL 554817, at *2 (D. Md. Feb. 10, 2016) (denying sentence reduction motion, and stating that "although the Plea Agreement does include an 'Advisory Guidelines' section, in which [defendant's] Offense Level and Criminal History Category (as well as his status as a career offender) are noted, the Agreement itself does *not* include the actual corresponding [Guidelines] range. . . . As a result, it is far from evident that the parties were using that range as a basis for the stipulated sentence.") (Emphasis in original); *Johnson v. United States*, DKC-12-2454, 2014 WL 470077, at *4 (D. Md. Feb. 5, 2014) (concluding that the C plea could not have been based on the sentencing guidelines because the plea agreement did not include an agreement as to criminal history).

8

As the cases cited about make clear, I lack the authority to grant the requested relief. The Rule 11(c)(1)((C) Plea Agreement does not expressly call for or use a Guidelines sentencing range to establish Williams's term of imprisonment. *Brown*, 653 F.3d at 340. Moreover, given the absence of any reference in the Plea Agreement to a particular criminal history for Williams, it is not evident from the Plea Agreement that the recommended sentence was based on the Guidelines. The fact that the parties and/or the court "consulted the Guidelines in establishing [Williams's] specific sentence is irrelevant." *Brown*, 653 F.3d at 340.[1]

The defense cites two rulings from other judges of this Court to support their position. But, these decisions do not advance the defendant's position.

In *United States v. Burruss*, CCB-06-0364, Judge Blake granted a motion to reduce, in which the defendant pleaded guilty under a C plea. *See* ECF 104; ECF 105. However, in the plea agreement, the parties stipulated to the offense level (ECF 105, ¶6(a)) and to the defendant's criminal history category. *Id.* ¶ 7.

In *United States v. Reed*, WDQ-09-0288, the defendant entered a guilty plea under Rule 11(c)((1)(C). *See* ECF 836. And, there was no agreement as to criminal history. *Id.* ¶ 7. However, from my review of the docket, it does not appear that the government objected to a reduction in the sentence.

### III.  Conclusion

If Mr. Williams were prosecuted today, his final offense level would be a 31. With an offense level of 31 and a criminal history category of I, the revised sentencing guidelines range

---

[1] To support its position, the government also notes that I wrote on the Statement of Reasons that the sentence was imposed pursuant to Rule 11(c)(1)(C). *See* ECF 455 at 4. However, that statement was made under the following heading: "Additional Facts Justifying The Sentence In This Case . . . ." The government's construction of my sentence and reliance on it is misplaced. I merely chose to note that the parties had agreed to the disposition.

for Mr. Williams would be 108 to 135 months. However, because Mr. Williams's Plea Agreement under Rule 11(c)(c)(C) was "the foundation for [his] term of imprisonment," *Freeman*, 131 S. Ct. at 2696 (Sotomayor, J., concurring), I have no authority to grant the Motion.

An Order follows.


Date: May 16, 2016                              /s/
                                        Ellen L. Hollander
                                        United States District Judge