# United States District Court
# District Of Maryland

| | |
|---|---|
| Chambers of<br>**Ellen Lipton Hollander**<br>District Court Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-0742 |

July 7, 2016

LETTER TO COUNSEL

      Re:    *United States of America v. Bryan Eammon Williams*
              Criminal No.:  ELH-11-0258

Dear Counsel:

      As you know, by Memorandum and Order of May 16, 2016 (ECF 473, ECF 474), I denied Mr. Williams's "Motion for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) Based on Retroactive Application of Amendment 782 to the U. S. Sentencing Guidelines." ECF 457 ("Motion").[1] Thereafter, Mr. Williams filed a motion for reconsideration of the Court's Order (ECF 479, "Motion to Reconsider"), supported by several exhibits. The government opposes the Motion to Reconsider. ECF 481 ("Opposition"). Williams has replied. ECF 482 ("Reply").

      It is undisputed that the defendant is subject to a mandatory minimum sentence of ten years. The parties' dispute concerns a potential reduction in sentence of 15 months, from 135 months to 120 months, for a defendant with a criminal history category of I. Thus, Mr. Williams initially received a substantial sentence and he would be left with a substantial sentence even if his Motion were granted. It is also undisputed that, if Mr. Williams were sentenced today, his final offense level would be 31, not 33.

      No hearing is necessary to resolve the Motion to Reconsider. For the reasons that follow, I shall grant the Motion to Reconsider.

      This was a multi-defendant case. I incorporate here by reference the facts and procedural history that I set forth in ECF 473. For convenience, however, I will again review some of the relevant background.

      On May 9, 2012, Mr. Williams entered a plea of guilty to a felony drug offense, pursuant to Fed. R. Crim. P. 11(c)(1)(C). *See* ECF 104; ECF 106. The Plea Agreement (ECF 106) set forth the quantity of cocaine at issue. *Id.* ¶ 6(a). It also set forth Williams's anticipated final offense level of 33. *Id.* ¶ 6(c). Notably, ¶ 5 of the Plea Agreement is captioned: "Advisory

---

[1] The government opposed the original Motion (ECF 461) and Mr. Williams replied. ECF 422. After the Court held a telephone conference with counsel on May 5, 2016, both sides provided supplemental submissions. *See* ECF 468 (government); ECF 469 (Williams).

Sentencing Guidelines Apply."[2] In addition, the parties stipulated to a proposed sentence of 135 months' imprisonment. *Id.* ¶¶ 9, 10. However, the Plea Agreement stated that there was no agreement as to the defendant's criminal history or criminal history category. *Id.* ¶ 7. Moreover, there was no express reference in the Plea Agreement as to the defendant's advisory sentencing guidelines range. But, it is clear that the proposed sentence corresponded to the bottom of the advisory sentencing guidelines for an offender with a final offense level of 33 and a criminal history category of I.[3]

In his Motion to Reconsider, Mr. Williams sets forth several grounds to support his request. He maintains: "The parties explicitly agreed that the sentence would be determined by the applicable guideline range." ECF 479 at 1. In this regard, he reiterates that the Plea Agreement set forth the drug quantity in issue and the defendant's offense level. *Id.* And, he asserts that the parties "correctly anticipated" a criminal history category of I for Mr. Williams, reasoning that it is "the *only* criminal history category that corresponds to a Level 33, and 135 month sentence." *Id.* at 2 (emphasis in ECF 479). Thus, Williams maintains that, for purposes of 18 U.S.C. § 3582(c)(2), the sentencing range was evident in the Plea Agreement, and the jointly proposed sentence of 135 months was based on the guidelines, even though the guidelines range was not set forth in the Plea Agreement.[4]

In addition, Mr. Williams contends that my ruling (ECF 473) contains a "factual misapprehension" that warrants reconsideration. *See* ECF 482 at 2. As he correctly points out, I distinguished the case of *United States v. Reed*, WDQ-09-0288, based on the erroneous belief that the government had not opposed Mr. Reed's Amendment 782 motion. Mr. Williams has now provided various submissions from *Reed* that demonstrate that the government had, in fact, opposed Mr. Reed's sentence reduction motion, although its opposition was not docketed, consistent with the practice at the time. *See* ECF 479-2 at 1-11.[5]

Williams has also attached to the Motion to Reconsider his sentencing transcript of August 8, 2012 (ECF 479-1), claiming the transcript "confirms what was evident from the Plea

---

[2] Mr. Williams asserted in ECF 469 that the reference in the Plea Agreement to the applicability of the guidelines is "not just empty language to be disregarded." *Id.* at 3.

[3] Based on the Presentence Report ("PSR"), the defendant was 35 at the time of sentencing and had one prior offense, for which one point was assigned. Because it appears that the PSR was never docketed, I have submitted it for docketing, under Seal. *See* ECF 487.

[4] In ECF 457, Mr. Williams pointed out that in *Freeman v. United States*, 544 U.S. 822 (2011), the guidelines range was not set forth in the plea agreement at issue in that case, but Justice Sotomayor looked to the Sentencing Guidelines Table and made calculations to conclude that the C plea was based on the guidelines. *Id.* at 2. I discussed *Freeman* in ECF 473, and I incorporate that discussion here.

[5] Although the failure to docket the opposition was consistent with the practice at the time, it is that failure that led this Court to believe that the government did not oppose Reed's motion.

Agreement: Mr. Williams was sentenced to the low-end of the guideline corresponding to an offense level of 33, 135 months' imprisonment." ECF 482 at 3.[6]

I am mindful that Justice Sotomayor cautioned in *Freeman* that, to the extent the guidelines are a consideration in a C plea, this must be evident from the four corners of the plea agreement. Therefore, I shall merely reference the sentencing transcript, without relying on it.

The sentencing transcript reflects that, at the outset of Williams's sentencing, I undertook the guidelines calculation. Sentencing Transcript at ECF 479-1 at 4 ("I recognize that this is a C plea under Rule 11(c)(1)(C) . . . but notwithstanding the fact that it is a C plea, I believe I still must correctly calculate the guidelines . . ."). After determining that the defendant's final offense level was 33 and that his criminal history category was I, I found that "the guideline range calls for imprisonment for a period ranging from 135 to 168 months, and this is a C plea, as indicated, in which the parties have agreed that the appropriate sentence is 135 months." ECF 479-1 at 6.

During the government's argument in support of the C plea, the prosecutor stated, ECF 479-1 at 9-10:

> Your Honor, as the Court is aware, the parties have agreed to a sentence of 135 months imprisonment. The Court has addressed the guidelines calculation and the criminal history of Mr. Williams, as to which there's no objection, and the guidelines range is 135 to 168 months. *Therefore, the C plea is for the low end of that guideline.* (Emphasis added.)

Mr. Williams also urges this Court to reconsider its ruling to avoid "disparate treatment" of Mr. Williams, and "to avoid a manifest injustice that would result from treating Mr. Williams differently than similarly-situated defendants who had entered into Rule 11(c)(1)(C) pleas in this district." ECF 482 at 1-2. To support his argument, Williams points to cases decided by other judges of this Court, in which sentencing reductions were granted in connection with C pleas involving plea agreements that lacked an express reference to criminal history or a sentencing guidelines range.[7] These include Judge Blake's decision in *United States v. Bowman,* CCB-11-

---

[6] During my telephone conference with counsel on May 5, 2016, I had asked about the sentencing transcript. In its Opposition, the government complains, *inter alia*, that Williams could have submitted the sentencing transcript well before the Court ruled on the Motion. ECF 481 at 3. I cannot fault Williams's counsel for the delayed submission of the sentencing transcript. As defense counsel explains, "the Office of the Federal Public Defender has over 1300 defendants on its Amendment 782 review list, over 1380 defendants on its *Johnson* review list," and many other clients. ECF 482 at 3.

[7] Williams also attempts to distinguish various cases on which I relied in my ruling, such as *United States v. Brown*, 653 F.3d 337 (4th Cir. 2011). *See* ECF 479 at 1-2.

3

0114 and Judge Quarles's decision in *United States v. Reed*, WDQ-09-0288.[8]  I shall discuss these cases, *infra*.

In its Opposition, the government claims that Williams has not satisfied the standard for reconsideration under Rule 59(e).[9]  The government also reiterates its earlier argument, explaining that, under *Freeman v. United States*, 564 U.S. 522 (2011), this Court lacks authority to grant the requested relief.

Williams asserts in his Reply, ECF 482 at 2:

[A] defendant is eligible for relief when the plea agreement "provide[s] for a specific term of imprisonment – such as a number of months – but also make[s] clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty.  As long as that sentencing range is evident from the agreement itself, for purposes of § 3582(c)(2) the term of imprisonment imposed by the court in accordance with that agreement is '*based on*' that range." *Id.* at 539 (emphasis supplied); *see also id.* at 543 (holding that "*Freeman's* term of imprisonment is '*based on*' a Guidelines sentencing range.) (emphasis supplied).  It is the second scenario that . . . is at issue in Mr. Williams' case.  The Government should not be permitted to collapse the two scenarios into one, ignore the second, then claim that a plea agreement is not "expressly" based on the Guidelines.

As indicated, in my initial ruling (ECF 473), I pointed out that the government did not oppose the defendant's sentence reduction motion in the *Reed* case, WDQ-09-0288.  That was

---

[8] To support his position, Williams also relies on my ruling in *United States v. Eldreth*, ELH-10-0701, in which I granted a motion to reduce under Amendment 782. ECF 479 at 3.  In my view, Williams's reliance on *Eldreth* is misplaced.  In that case, which I inherited from Judge Legg, I concluded that the parties calculated the C plea based on the guidelines for an offense level of 29 and an anticipated criminal history category of II, and that Judge Legg accepted the C plea because it comported with the guidelines after his one-level departure as to criminal history.  I merely applied the same criminal history category found by Judge Legg, and concluded that Mr. Eldreth was entitled to a reduction under Amendment 782, consistent with *Freeman v. United States*, 131 S. Ct. 2685 (2011).

Previously, Mr. Williams had argued that any ambiguity in Williams's Plea Agreement must be resolved in his favor under the rule of lenity. ECF 469 at 2.  To be sure, the government is held "to a greater degree of responsibility than the defendant . . . for imprecisions or ambiguities in plea agreements." *United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986).  But, the rule of lenity is inapposite, because it is a principle of *statutory* construction.  *See United States v. Serafini*, ____ F.3d ____, 2016 WL 3209482, at *4 (4th Cir. June 10, 2016); *United States v. Collins*, 415 F.3d 304, 317 n.7 (4th Cir. 2005); *United States v. Gosselin World Wide Moving, N.V.*, 411 F.3d 502, 514 n.4 (4th Cir. 2005).

[9] The standard under Rule 59(e) is well established and need not be repeated here.

incorrect, as explained, and as evidenced by Williams's submissions with his Motion to Reconsider. Despite the opposition, Judge Quarles granted Mr. Reed's Motion.

In *Reed*, WDQ-09-0288, the defendant entered a plea of guilty to a narcotics offense, under Rule 11(c)(1)(C). *See* ECF 836. The parties agreed to an anticipated offense level of 33. *Id.* ¶ 6. Although the plea agreement set out the drug quantity (*id.*), there was no agreement as to Reed's criminal history or criminal history category. *Id.* ¶ 9. Nor did the plea agreement specify the applicable guidelines range. Judge Quarles imposed a sentence of 121 months. ECF 948. Reed later moved to reduce his sentence, based on Amendment 782. Contrary to my belief as set forth in my ruling, I now know that the government opposed Reed's motion, largely for the same reasons advanced here. In its opposition, the government noted that, when combined with other guideline applications, Reed's final offense level was 31 and, with his criminal history category of II, this resulted in an original sentencing range of 121 to 151 months. Yet, Judge Quarles granted the motion to reduce the sentence, consistent with the amended guidelines. ECF 1445; ECF 1446.

*Bowman*, cited for the first time in the Motion to Reconsider, is also informative. There, the defendant pleaded guilty to conspiracy to distribute one kilogram or more of a substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846. ECF 551 ¶ 1. The plea was entered pursuant to Rule 11(c)(1)(C), in which the parties agreed to a sentence of 151 months. *See* ¶¶ 9, 10. The plea agreement set forth an anticipated offense level of 33. *Id.* ¶ 6(b). However, as in this case, the plea agreement expressly provided that there was no agreement as to the defendant's criminal history or criminal history category. *Id.* ¶ 7. Nor did the plea agreement include a guidelines range. Judge Blake sentenced Bowman in accordance with the terms of the C plea. *See* ECF 648; ECF 649.

Bowman subsequently moved to reduce his sentence, pursuant to Amendment 782. ECF 1173. The government opposed that motion (ECF 1175) and Bowman replied. ECF 1176. Notably, the government's arguments in its Opposition (ECF 1175) were quite similar to those advanced in its opposition to the Motion and the Motion to Reconsider. Nevertheless, Judge Blake granted Bowman's motion (ECF 1179), essentially without explanation,[10] and reduced the offense level by two levels, consistent with the revised guidelines.

Mr. Williams has certainly demonstrated that there are rulings from well respected judges of this Court, awarding sentence reductions under Amendment 782 on facts similar to those here. It would be manifestly unfair to subject Mr. Williams to disparate treatment.

In any event, in retrospect, I am satisfied that the proposed C plea of 135 months imprisonment was not randomly calculated. Rather, it was calculated based on the guidelines, *i.e.*, an offense level of 33 and an anticipated criminal history category of I. I draw this conclusion, in part, because the Plea Agreement expressly stated in Paragraph 5 that the guidelines apply. Moreover, the parties agreed to an offense level of 33. Looking at that offense level and the guideline ranges for all six criminal history categories, "135" appears *only* in the range for a criminal history category I. This is in contrast to other criminal history categories,

---

[10] Judge Blake provided a brief comment in the sealed Statement of Reasons. ECF 1180.

where there is overlap in the guidelines range.  For example, an offense level of 33 and a criminal history category of I yields a guidelines range of 135 to 168 months, while an offense level of 33 and a criminal history category of II yields a range of 151 to 188 months.  Thus, if a sentence were imposed in the range of 151 to 168 months, the criminal history category could have been either a I or a II.  That is not so here.  There is only one criminal history category that corresponded to an offense level of 33 and a sentence of 135 months.

Given the agreed upon offense level as set forth in the Plea Agreement, the proposed sentence of 135 months, and the representation in the Plea Agreement that the guidelines apply, it certainly appears that the parties anticipated the criminal history category of I.  When coupled with an offense level of 33, a criminal history category of I yielded a guidelines range of 135 months to 168 months.  Thus, under *Freeman*, I am satisfied that the proposed C plea sentence was based on the guidelines.  It follows that a two-level reduction in the offense level is appropriate under Amendment 782.

For these reasons, I will grant the Motion to Reconsider.  Because of the mandatory minimum sentence, Mr. Williams's sentence shall be reduced from 135 months to 120 months of imprisonment.  Williams's counsel is directed to submit a proposed Order.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

                                                      Sincerely,

                                                      /s/
                                                 Ellen Lipton Hollander
                                                 United States District Judge